[No. 1797.]

*Ex Parte* ROBERT BARRIER AND OTHERS.

1. APPEAL — TRANSCRIPT.— Without the proper certificate of the clerk of the trial court, and the tie and seal required by law, a collection of papers sent to this court will not be considered as a transcript on appeal.
2. SAME — HABEAS CORPUS — CASE STATED.— The papers before this court in this proceeding purport to be a transcript of the proceedings in the lower court, in a hearing on *habeas corpus*, but they are evidently some of the original papers, unauthenticated, and not tied and sealed as required by law. But, if authenticated and certified, they would still be deficient as a proper transcript, for the following reasons: 1. It does not contain the writ of *habeas corpus*. 2. It does not contain the return of the officer holding the applicants. 3. It does not show that notice of appeal from the judgment was given. 4. It does not show by what authority the appeal was sent to this branch of the Court of Appeals,— whether by request of the applicants or by the order of the prosecuting counsel.
3. SAME.— Article 181 of the Code of Criminal Procedure provides that "if a writ of *habeas corpus* be made returnable before a court in session, all the proceedings had shall be entered of record by the clerk thereof, as would be done in any other case pending in such court; and when the application is heard out of the county where the offense was committed, or in the Court of Appeals, the clerk shall transmit a certified copy of all the proceedings upon the application, to the clerk of the court having jurisdiction of the offense."
4. SAME.— Article 182 of the same Code provides as follows: "If the return is made and the proceedings had before a judge of a court in vacation, he shall cause all the proceedings to be written, shall certify to the same, and cause them to be filed with the clerk of the court which has jurisdiction of the offense, whose duty it shall be to keep them safely."
5. SAME — CASE STATED.— Applicants in this case were arrested for an offense perpetrated in M. county, and the writ of *habeas corpus* was heard in T. county. If, in fact, the order refusing bail was appealed from, the judge below should have noted that fact by order. All of the proceedings and papers should then have been transmitted to the clerk of M. county district court, whose duty, on proper request of the State or applicants, it then would have become to prepare a proper transcript as in other appealed cases, and to certify the same to the Court of Appeals then in session at Galveston.

Appeal from the District Court of Titus.    Tried below before the Hon. W. P. McLean.

In the absence of the purported transcript, which was withdrawn upon motion of the applicants, the Reporters are unable to note the nature of the process under which the applicants, arrested for murder, were detained. The questions involved, however, are fully disclosed in the opinion.

No brief or other appearance for the applicants has reached the Reporters.

*J. H. Burts,* Assistant Attorney General, for the State.

White, Presiding Judge. A motion is made by the assistant attorney general to strike this cause from the docket, based upon several grounds, all of which appear to be well taken. It seems that the appellants were arrested in Morris county for a murder perpetrated in that county; that they had procured a writ of *habeas corpus,* which was heard by Judge McLean, in Titus county, and were refused bail. What purports to be the transcript in this case is, we take it, simply a statement of the circumstances under which the hearing was had and the evidence adduced, together with the order refusing bail. As far as they go, they appear to be the original papers in the case, and not a transcript of the proceedings had upon the trial.

If it had been made out and regularly authenticated and certified to this court as a transcript, by the proper officer, it would still have been deficient in the following important particulars:

1. It does not contain the writ of *habeas corpus.*

2. It does not contain the return of the officer holding the applicants.

3. It does not show that notice of appeal was given from the judgment.

4. It does not show by what authority the appeal was sent to this branch of the Court of Appeals — whether by request of applicants or on the order of the county or district attorney who represented the State.

It is, however, not authenticated as a transcript. There is no certificate of the district clerk to the papers, and there is no tie and seal to the purported transcript. In fact, none of the requisites of a valid transcript for appeal appear to have been complied with. The rules of practice in such cases are stated in the statute. "If a

writ of *habeas corpus* be made returnable before a court in session, all the proceedings had shall be entered of record by the clerk thereof as would be done in any other case pending in such court; and when the application is heard out of the county where the offense was committed, or in the Court of Appeals, the clerk shall transmit a certified copy of all the proceedings upon the application to the clerk of the court which has jurisdiction of the offense." (Code Crim. Proc., art. 181.)

"If the return is made and proceedings had before a judge of a court in vacation, he shall cause all the proceedings to be written, shall certify to the same, and cause them to be filed with the clerk of the court which has jurisdiction of the offense, whose duty it shall be to keep them safely." (Code Crim. Proc., art. 182.)

In this case, after the order refusing bail, if the applicants in fact appealed from the judgment, that fact should have been noted in an order by the judge. All the proceedings and papers should then have been transmitted to the district clerk of Morris county, with a request from applicants or the district or county attorney, as the case might be, that he make out and forward a transcript of the same for hearing to the Court of Appeals at its Galveston term, then in session. And upon receipt of such papers and authority, the district clerk of Morris county, who was the proper custodian of the original papers, would have prepared and certified to this court a proper transcript as in other appealed cases.

The motion of the assistant attorney general is sustained, and the cause is stricken from the docket, there being no valid appeal and no such transcript as that we can act intelligibly upon it.

*Ordered accordingly.*

[Opinion delivered February 18, 1885.]